Rich Michaelson Magaliff, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851

*Attorneys for Howard P. Magaliff, Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re:                                              :    Chapter 7
                                                    :
THE GATEWAY DEVELOPMENT            :    Case No. 21-22304 (RDD)
GROUP, INC.,                                   :
                                                    :
                          Debtor.              :
-------------------------------------------------------------x

## APPLICATION FOR ORDER AUTHORIZING THE TRUSTEE TO RETAIN ZEISLER & ZEISLER, P.C. AS SPECIAL COUNSEL

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 interim trustee (the "Trustee") of the estate of the above-named Debtor, respectfully states:

1. The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on May 25, 2021 (the "Petition Date"). Applicant was appointed as the chapter 7 interim trustee on the same day, and has accepted his appointment, duly qualified and is acting as the trustee. The initial section 341(a) meeting is scheduled for June 18, 2021.

2. This case is related to the chapter 11 case of Gateway Kensington, LLC ("Kensington") pending in this Court under case # 21-22274 (RDD). The Debtor and Kensington are affiliates.

3. According to Kensington's cash collateral motion, Kensington is the developer and sponsor of a condominium located at 15 Kensington Road, Bronxville, NY in which it still owns seven (7) units (the "Bronxville Property"). Five (5) of these units are currently

{00035615v1 }

rented, one is subject to a pending contract of sale and one is vacant being marketed for sale. Kensington also owns a commercial condominium located at 602 5th Avenue South, Unit 101, Naples, Florida 34102 which is currently rented. *See* 21-22274, doc. 7, ¶ 5.

4. The Debtor was the construction manager for the development of the Bronxville Property. On April 25, 2021, a panel of the American Arbitration Association issued an arbitration award in in the amount of $14,333,446.38, plus interest against Kensington in favor the Debtor in a derivative proceeding brought by a former employee and partner of Kensington's principal (the "Arbitration Award"). The Arbitration Award is a significant, if not the largest asset of the Debtor's estate.

5. The Debtor commenced a special proceeding in Westchester County Supreme Court to confirm the Arbitration Award. *See James Carnicelli Jr. et al. v. Gateway Kensington, LLC*, Index # 56060/2021. That proceeding has been stayed by Kensington's bankruptcy filing. Upon information, Kensington does not contest the amount of the Arbitration Award.

6. There is also pending in the Superior Court of Connecticut an action (the "Connecticut Action") brought by James Carnicelli, Jr. ("Carnicelli") against the Debtor and individuals including John J. Fareri ("Fareri"), and in the same action Carnicelli has asserted derivative claims on the Debtor's behalf against the same individual defendants. *See Carnicelli Jr. v. Fareri, et al.*, docket # FSTCV206048778S. The derivative claims are property of the Debtor's estate and, to the extent the so-called non-derivative claims seek damages for the Debtor and not Carnicelli individually, the Trustee believes that those claims are also property of the estate. Fareri is the 51% majority shareholder of the Debtor and Carnicelli is the 49% minority shareholder.

7. The claims against the Debtor in the Connecticut Action are stayed. The judge in that case has issued a scheduling order directing the parties to submit briefs addressing

{00035615v1 }

whether the entire action is stayed or whether the claims asserted against the individual defendants can proceed. The defendants were ordered to file a brief responding to this issue by June 11, the plaintiff's response is due by June 18, and any reply shall be filed by June 25.

8. This Application is submitted pursuant to sections 327(a) and (d) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1 for an order authorizing the Trustee to retain the law firm of Zeisler & Zeisler, P.C. ("Z&Z") as his special counsel in connection with the Connecticut Action. Z&Z's services will include representing the Trustee in the Connecticut courts and, if all or some of the claims in the Connecticut Action are removed, in this Court as well. Because of the pending Superior Court order and the time-sensitive need to address the Connecticut Action, Z&Z began work immediately after agreeing to represent the Trustee. Accordingly, the Trustee seeks for Z&Z's retention to be effective as of June 1. Z&Z will not duplicate services of the Trustee's general counsel, Rich Michaelson Magaliff, LLP.

9. The Trustee seeks to retain Z&Z to provide these services because the firm's attorneys have considerable experience in matters of this nature and have represented parties in interest including trustees, debtors, and secured and unsecured creditors in numerous bankruptcy cases, and in non-bankruptcy litigation in state and federal courts.

10. The attorneys at Z&Z are admitted to practice in Connecticut and New York courts including this Court and are qualified to act as the Trustee's attorneys, as more particularly set forth in the Affidavit of Matthew K. Beatman, a principal of Z&Z, attached as <u>Exhibit 1</u> (the "<u>Beatman Affidavit</u>"). To the best of the Trustee's knowledge and except as set forth below and as otherwise disclosed in the Beatman Affidavit, (i) Z&Z does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained; (ii) Z&Z is a "disinterested person" as that phrase is defined in section 101(14) of the Bankrupt-

3

cy Code; (iii) neither Z&Z nor its professionals have any connection with the Debtor, the estate, or creditors; and (iv) Z&Z's employment is necessary and in the best interests of the estate.

11. Z&Z will charge its customary billing rates for services rendered subject to approval of this Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of the Bankruptcy Court. The current hourly rates of Z&Z's attorneys range from $250 to $500, and the paralegal rate is $195. These rates are subject to periodic adjustment. Z&Z will advise the Trustee, the Court and the United States Trustee in writing of any rate change during the course of this engagement. In addition, Z&Z will seek reimbursement for actual and necessary expenses incurred in connection with its professional services. Z&Z will not share any fees it earns other than as permitted by section 504 of the Bankruptcy Code.

12. Notice of this Application has been given to the Office of the United States Trustee.

13. No previous application has been made for the relief requested.

**WHEREFORE**, the Trustee respectfully requests that he be authorized to retain Z&Z as his special counsel in this case, and that the Court enter the proposed order in the form attached as <u>Exhibit 2</u>, together with such other and further relief as is appropriate.

Dated:  New York, New York                RICH MICHAELSON MAGALIFF, LLP
       June 2, 2021                                         Attorneys for the Trustee
                                                         By:

                                                       /s/ Howard P. Magaliff
                                                       HOWARD P. MAGALIFF
                                                       335 Madison Avenue, 9th Floor
                                                       New York, NY 10017
                                                       646.453.7851
                                                       hmagaliff@r3mlaw.com

{00035615v1 }

# **EXHIBIT 1**

{00035615v1 }

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
In re:                                               CHAPTER 7

The Gateway Development Group, Inc.                  CASE NO. 21-22304

                    Debtor.

-----------------------------------------------------------------------X

## AFFIDAVIT OF MATTHEW K. BEATMAN

I, Matthew K. Beatman, being duly sworn, depose and say:

1.   I am a principal in the law firm of Zeisler & Zeisler, P.C. ("Z&Z") which maintains its offices at 10 Middle Street, 15th Floor, Bridgeport, Connecticut, and I make this affidavit in support of the entry of an Order authorizing the retention of Zeisler & Zeisler, P.C. as special litigation counsel to Howard P. Magaliff, Chapter 7 Trustee for the bankruptcy estate of The Gateway Development Group, Inc. (the "Debtor") to assist the Trustee and represent him in matters relating to the estate concerning a pending civil action in the State of Connecticut Superior Court, FST-CV20-6048778-S, *CARNICELLI, JR, JAMES v. FARERI, JOHN J Et Al* (Stamford) (the "Action").

2.   I am admitted in good standing to practice in Connecticut State Courts, and the United States District Court for the District of Connecticut and Southern and Eastern Districts of New York.

3.   The statements set forth in this Affidavit are based on my personal knowledge, upon information and belief, and upon client records kept in the ordinary course of business that were reviewed by me or other personnel of Z&Z. Such statements are also based on a review by the persons within Z&Z responsible for maintaining records of our representations, with the assistance of attorneys at Z&Z.

4. We have reviewed the list of creditors and parties in interest served with the notice of commencement of above captioned case by BNC on or about May 26, 2021.

5. It is based upon this review that the undersigned states, to the best of my knowledge, neither I, nor my firm, nor any member or associate thereof represents professionally, or is associated with the above-captioned Debtor, its creditors or any other party in interest in any matters relating to this case other than it has represented Howard P. Magaliff, the Chapter 7 Trustee before in another unrelated case.

6. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Z&Z, nor any partner or associate thereof that is anticipated to provide the services hereunder, holds or represents an interest adverse to the Debtor or its estate with respect to the matters as to which Z&Z is to be employed based on my review set forth above.

7. Subject to approval of this Court, Z&Z intends to apply for allowances of compensation and reimbursement of expenses in accordance with applicable orders of this Court, the U.S. Trustee Guidelines, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further orders of the Court (the "Orders") for all professional services performed and expenses incurred.

8. Effective June 1, 2021, rates charged by Z&Z for partners generally range from $425- 500 per hour; for associates generally range from $250 to $435 per hour; and for paraprofessionals generally are $195 per hour.

9. While other attorneys at Z&Z may also work on the matter, the principal attorneys that are presently most likely to assist in the representation of the Trustee and their current standard hourly rates are:

2

    Matthew K. Beatman - $465.00

    James Moriarty - $435.00

    Chris Blau - $325.00

    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Trustee in connection with the matters herein described (including John Cesaroni - $350.00 and Dan Byrd - $250.00).

    10. The hourly rates set forth above are Z&Z's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Z&Z for the work of its attorneys and to cover fixed and routine overhead expenses. It is Z&Z's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.

    11. The expenses charged to clients include, among other things, telephone and facsimile and other similar charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, and other expenses. Z&Z will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to Z&Z's other clients and consistent with applicable Fee Guidelines.

    12. Z&Z maintains contemporaneous records of the time expended and out of-pocket expenses incurred in connection with providing services to its clients.

    13. Z&Z recognizes that it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of the Court.

3

14.  To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Z&Z, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtor, other than as permitted by the Bankruptcy Code. Z&Z has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Z&Z's partners.

15.  For the reasons stated herein, I believe that Z&Z represents no interest adverse to the Debtor or its estate, it is well situated to fulfill its duties to the Trustee and its retention is in the best interest of the Debtor's estate.

16.  Given the pendency of the Action in which there are derivative claims being asserted on behalf of the Debtor and documents being filed in the Action, the Trustee has requested that Z&Z begin, and subject to approval of the Court, Z&Z has begun immediately assisting the Trustee in reviewing and assessing the Action and representing the Trustee for the benefit of the above captioned estate, beginning on June 1, 2021.

_____
Matthew K. Beatman, Esq.

Subscribed and sworn to before me this 1st day of June, 2021.

_____
Barbara Johnson O'Brien
Notary Public          (SEAL)

BARBARA JOHNSON O'BRIEN
Notary Public, State of Connecticut
My Commission Expires Aug. 31, 2025

4

# **EXHIBIT 2**

{00035615v1 }

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                       :      Chapter 7
                                                             :
THE GATEWAY DEVELOPMENT                                      :      Case No. 21-22304 (RDD)
GROUP, INC.,                                                 :
                                                             :
                        Debtor.                              :
------------------------------------------------------------x

# ORDER AUTHORIZING THE TRUSTEE TO RETAIN
# ZEISLER & ZEISLER, P.C. AS HIS SPECIAL COUNSEL

Upon the application (the "Application") dated June 2, 2021 of Howard P. Magaliff, the chapter 7 interim trustee (the "Trustee") of the estate of the above-named Debtor, for authority to retain the law firm of Zeisler & Zeisler, P.C. ("Z&Z") as his special counsel in connection with the Connecticut Action (as defined in the Application) pursuant to sections 327(a) and (d) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1; and upon the Affidavit of Matthew K. Beatman submitted in compliance with the Local Rules of this Court; and it appearing that Z&Z is disinterested within the meaning of section 101(14) of the Bankruptcy Cod, that Z&Z does not represent any interest adverse to the Debtor or the estate, and that its retention is necessary and in the best interests of the estate; and notice being adequate and sufficient; and the United States Trustee having no objection to the entry of this Order; and sufficient cause appearing, it is

**ORDERED** that the Application is granted as set forth herein; and it is further

**ORDERED** that, pursuant to 11 U.S.C. §§ 327(a) and (d), the Trustee is authorized to retain the law firm of Zeisler & Zeisler, P.C. as his special counsel in this case effective June 1, 2021; and it is further

{00035615v1 }

**ORDERED** that the compensation and reimbursement of expenses of Z&Z shall be sought upon, and paid only upon an order granting, a proper application pursuant to sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

**ORDERED** that Z&Z shall advise the Trustee, the Court and the United States Trustee in writing of any rate change during the course of this engagement; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED** that if there is any inconsistency between the terms of this Order, the Application, and the supporting Affidavit, the terms of this Order shall govern.

Dated:   White Plains, New York
         _____, 2021

                                           _____
                                           Robert D. Drain
                                           United States Bankruptcy Judge

**NO OBJECTION:**
William K. Harrington
United States Trustee
By:

/s/ Paul Schwartzberg
Paul Schwartzberg, Trial Attorney
Dated:  June 2, 2021

2

{00035615v1 }