Rich Michaelson Magaliff, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851

*Attorneys for Howard P. Magaliff, Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| THE GATEWAY DEVELOPMENT GROUP, INC., | : | Case No. 21-22304 (RDD) |
| | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

### TRUSTEE'S STATEMENT CONCERNING MOTION OF JAMES CARNICELLI, JR. DERIVATIVELY ON BEHALF OF THE GATEWAY DEVELOPMENT GROUP, INC. FOR (I) DISMISSAL OF THE CHAPTER 7 CASE, OR (II) IN THE ALTERNATIVE, TO BE PERMITTED TO CONTINUE AND COMMENCE ACTIONS ON BEHALF OF THE CHAPTER 7 ESTATE AGAINST JOHN FARERI AND FARERI-RELATED PARTIES

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of The Gateway Development Group, Inc. (the "Debtor"), by his attorneys Rich Michaelson Magaliff, LLP, respectfully submits this statement concerning the motion of James Carnicelli ("Carnicelli"), a creditor and shareholder of the Debtor, to dismiss this chapter 7 case and for other relief, and states:

### Background

1. The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on May 25, 2021 (the "Petition Date"). The Trustee was appointed as the chapter 7 interim trustee on the same day, and has accepted his appointment, duly qualified and is the trustee pursuant to section 702(d) of the Bankruptcy Code.

2. This case is related to the chapter 11 case of Gateway Kensington, LLC ("Kensington") pending in this Court under case # 21-22274 (RDD). The Debtor and Kensington are affiliates. Kensington is the developer and sponsor of a condominium project located at 15 Kensington Road, Bronxville, NY in which it still owns seven units (the "Bronxville Property"). Five of these units are currently rented, one is subject to a pending motion to approve a sale, and one is vacant and being marketed for sale. Kensington also owns a commercial condominium located at 602 5th Avenue South, Unit 101, Naples, FL 34102 that is currently rented.

3. The Debtor was the construction manager for the development of the Bronxville Property. On April 25, 2021, a panel of the American Arbitration Association issued an arbitration award in the amount of $14,333,446.38, plus interest against Kensington in favor of the Debtor in a derivative proceeding brought by Carnicelli (the "Arbitration Award"). The Arbitration Award is a significant, if not the largest asset of the Debtor's estate.

4. On the Petition Date, there was also pending in the Superior Court of Connecticut an action (the "Connecticut Action") brought by Carnicelli against the Debtor and individuals including John J. Fareri ("Fareri"), in which Carnicelli asserted derivative claims on the Debtor's behalf against the same individual defendants. Fareri is the 51% majority shareholder of the Debtor and Carnicelli is the 49% minority shareholder.

5. On June 10, 2021 the Trustee's special counsel, Pullman & Comley, LLP filed a notice of removal of the Connecticut Action to the United States District Court for the District of Connecticut, and on June 11, 2021 an amended notice of removal was filed. *See* case # 3:21-cv-00792-RNC (D. Conn.), doc. 6. The Trustee also filed a motion to transfer venue of the Connecticut Action to the Southern District of New York. *See* # 3:21-cv-00792, doc. 8. Carnicelli filed an objection to the motion to transfer venue and a motion to remand the Connect-

icut Action to the state court. The Trustee's responses are due 14 days after this Court rules on the Motion to Dismiss.

## The Motion to Dismiss

6. On June 8, 2021, Carnicelli, purporting to act derivatively on the Debtor's behalf, filed a motion to dismiss this case [doc. 23] (the "Motion to Dismiss"). In addition to dismissal, Carnicelli seeks derivative standing to pursue the estate's claims against Fareri and related parties.[1]

7. The Debtor filed opposition to the Motion to Dismiss on July 2, 2021 [doc. 60], accompanied by the declaration of Christopher Sheskier [doc. 60-1]. Westchester Stucco, Inc., a scheduled creditor with no relation to the Debtor, also filed an objection [doc. 57].

## Status and Trustee's Administration of the Case

8. Anyone looking at the multiple documents filed in this case and in Connecticut by Carnicelli could be excused for thinking this is nothing more than a high-stakes pissing contest[2] between him and Fareri. While there is unquestionably an adversarial history between them, there is much more to this case. At a hearing on June 17 to consider the Trustee's applications to retain special counsel and accountants, this Court stated what should be obvious to everyone, including Carnicelli – that with more than $10 million in scheduled claims, and substantial questions concerning the validity of those claims (or in the Court's words, whether they are "bogus"), an independent trustee should be welcomed rather than fought. Unfortunately Carnicelli thinks otherwise.

---

[1] The Trustee does not take a position on the substantive question of whether Carnicelli can sustain his burden of proof for dismissal, but notes the evident incongruity of someone alleging derivative standing on the Debtor's behalf seeking to dismiss the Debtor's case. The Debtor addressed this in its opposition. *See* doc. 60, ¶¶ 13-16. The Trustee also agrees with the Debtor's analysis that there is no basis whatsoever to grant derivative standing to Carnicelli to prosecute estate causes of action. *See* doc. 60, ¶¶ 42-45.

[2] Merriam-Webster defines a pissing contest as "a competition between rivals to determine superiority, predominance, or leadership." *See* https://www.merriam-webster.com/dictionary/pissing%20contest.

9. Since his appointment on May 25, the Trustee has taken the following steps to marshal the Debtor's assets and investigate the Debtor's business and financial affairs:

   a. Obtained turnover of seven scheduled bank accounts in the total amount of $210,522.25 (*see* Schedule A/B, Part 1, # 3);

   b. Filed a notice of sale of assets [doc. 54];

   c. Sent demand letters for payment of accounts receivable over 90 days old in the amount of $113,057.99 (*see* Schedule A/B, Part 3, # 11);

   d. Retained special counsel concerning the claims asserted in the Connecticut Action, including after removal;

   e. Retained accountants, who have begun the task of analyzing the Debtor's books and records including QuickBooks;

   f. Removed the Connecticut Action to the Connecticut District Court and moved to transfer venue to this Court, because the derivative claims asserted are property of the Debtor's estate;

   g. Met several times with Carnicelli's attorneys to discuss the claims asserted in the Connecticut Action and other claims that might benefit the creditors of the estate;

   h. Met with Fareri and his counsel to discuss the claims asserted in the Connecticut Action and other claims that might benefit the creditors of the estate;

   i. Conducted the initial section 341 meeting;

   j. Deposed Christopher Sheskier, the CFO of Fareri Associates, L.P. with the most direct knowledge about the Debtor's Schedules, assets and liabilities, and financial condition and affairs, and who was princi-

{00035980v1 }

pally responsible for assembling and presenting the information that is contained in the Schedules; and

k. Obtained a bar date for creditors to file proofs of claim.

10. After the bar date passes, and the Trustee has completed his investigation and analysis of claims, it may be that some of Carnicelli's assertions are borne out. But that takes time, and this case is still in its infancy. The Trustee cannot be expected to simply accept as gospel everything that Carnicelli says and summarily dismiss everything that Fareri and the Debtor say. That is not only irresponsible, it is not the function of a trustee. From everything the Trustee has learned, he believes that all creditors will be best served with a neutral, independent fiduciary in place.

Dated: New York, New York
July 3, 2021

RICH MICHAELSON MAGALIFF, LLP
Attorneys for the Trustee
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*