

# Pastore & Dailey LLC

Attorneys at Law

Connecticut • New York

*Joseph M. Pastore III*
*203.658.8454 CT*
*845.667.5711 NY*
*Jpastore@psdlaw.net*

July 8, 2021

**By ECF & E-Mail**
Honorable Robert D. Drain
U.S. Bankruptcy Court, Southern District of N.Y
300 Quarropas Street
White Plains, New York 10601

  Re: In re: The Gateway Development Group, Inc.
     Chapter 7 Case No. 21-22304 (RDD)

Honorable Judge:

  As you may know, our firm, Pastore & Dailey LLC ("Pastore & Dailey"), represents James Carnicelli, Jr. ("Mr. Carnicelli"), a creditor in the above-referenced matter. This letter is written to request a Chambers Conference relating to a discovery dispute as required by Southern District of New York, LBR 7007-(b) and a resulting request for a continuance of the Motion to Dismiss scheduled for July 12, 2021 arising out of this discovery dispute.

  The dispute involves depositions of the director and officers of The Gateway Development Group, Inc. (the "Debtor") noticed for July 7, 8, and 9, 2021 in this action. In the first hearing in this matter, the Court asked the parties to cooperate during discovery. Unfortunately, the Debtor and its individual representatives are playing games.

  On June 4, 2021, Davidoff Hutcher & Citron, LLP ("Davidoff Hutcher & Citron"), which also represents Mr. Carnicelli, filed a Motion to Dismiss Case and Seeking Leave to Continue and Commence Actions (the "Motion to Dismiss"). (ECF Docket No. 17).

  In support of the Motion to Dismiss, on June 4, 2021, Davidoff Hutcher & Citron filed a Motion to Shorten Time on Hearing on Motion to Dismiss (the "Motion to Shorten Time"). (ECF Docket No. 18). The Motion to Shorten Time was filed, in part, to shorten the time for discovery in order for Mr. Carnicelli's counsel to have the ability to depose the director and officers of the Debtor, so that Mr. Carnicelli's counsel would be prepared for the Motion to Dismiss hearing.

  On June 16, 2021, Pastore & Dailey filed on behalf of Mr. Carnicelli a Motion to Shorten Time to respond to Mr. Carnicelli's First Request for the Production of Documents and First Set of Interrogatories. (ECF Docket No. 41).

Also on June 16, 2021, Pastore & Dailey served Notices of Deposition of John Fareri ("Mr. Fareri"), Julienne Fareri Zielinski ("Ms. Fareri"), and Christopher Sheskier ("Mr. Sheskier") on Timothy Corey, Esq. (counsel in the related Connecticut action) and Mark Tulis, Esq. (counsel to Mr. Fareri in this action). (ECF Docket No. 49).

On June 17, 2021, Pastore & Dailey served Notices of Deposition of Mr. Fareri, Ms. Fareri, and Mr. Sheskier on Jeffrey Reich, Esq. (counsel to the Debtor), Howard Magaliff, Esq. (the Chapter 7 Trustee in this action), Irve Goldman, Esq. (counsel for the Chapter 7 Trustee) and the United States Trustee's Office for The Southern District of New York. (ECF Docket No. 49).

On June 18, 2021, the Court granted Mr. Carnicelli's Motion to Shorten Time for Debtor's Response to Discovery In Connection with James Carnicelli, Jr.'s Motion for Dismissal of This Chapter 7 Case. (ECF Docket No. 45).

On June 18, 2021, the Chapter 7 Trustee, Howard Magaliff, held a Rule 341 Meeting of Creditors at which Mr. Fareri testified about the financial status of the Debtor.

On June 29, 2021, a Notice of Appearance was filed by Leonard Benowich, Esq. ("Mr. Benowich") on behalf of Mr. Sheskier, Ms. Fareri, and Mr. Fareri. (ECF Docket No. 58).

On July 1, 2021, a deposition of Christopher Sheskier was taken by the Chapter 7 Trustee in this case. The Chapter 7 Trustee specifically did NOT allow counsel for Mr. Carnicelli to ask any questions because of Mr. Carnicelli's depositions "pending next week."

Despite all these events, and the fact that the relevant parties received adequate notice over two and a half weeks ago the deponents refused to appear. On July 6, 2021, at 5:39 pm, the night before the scheduled July 7, 2021 deposition of Mr. Fareri, Mr. Benowich wrote an email to Trevor Gomberg, Esq., of Levitt LLP, co-counsel for Mr. Carnicelli, stating that Mr. Fareri, Mr. Sheskier and Ms. Fareri would not be appearing at the depositions: "please be advised that we will not be presenting either of our clients for examination pursuant to the "Notices" issued by the lawyers representing Mr. Carnicelli in this case… The notices are ineffective." That same night, Mr. Pastore sent a responsive email to Mr. Benowich expressing concern over the recent development, and stating, in part that, despite the supposedly ineffective Notices, "Mr. Reich's office sent Mr. Gomberg a dropbox link to the documents with no mention as to the supposed "inefficiency" of these deposition notices. Yet, here we are on the night before the deposition of Mr. Fareri, with your clients supposedly surprised by these depositions scheduled for weeks now. This correspondence between Mr. Gomberg and Mr. Reich demonstrates that your position is completely asserted as a tactic in bad faith."

On July 7, 2021, Davidoff Hutcher & Citron wrote a letter to Mr. Benowich in an attempt to resolve the dispute pursuant to LBR 7007-(a).

On July 8, 2021, Mr. Benowich sent a letter to Robert Rattet of Davidoff Hutcher & Citron in which he restated his position that he believes the notices of depositions were ineffective, and as a result, his clients Mr. Fareri, Ms. Fareri, and Mr. Sheskier would not appear at the scheduled depositions.

As a threshold matter, Fed. R. Civ. P. Rule 37(a) and LBR 7007-1(a) require a certification that the party seeking to compel discovery seek to resolve the dispute in good faith. Additionally, LBR 7007-1(b) requires a party to request a conference with the Court prior to filing a motion to compel discovery. The correspondence between counsel for Mr. Carnicelli and counsel for Mr. Fareri, Ms. Fareri and Mr. Sheskier was an attempt by Mr. Carnicelli's counsel to resolve this dispute amicably. Thus, in this case there was a good faith attempt to resolve the dispute prior to delivery of this letter.

Of course, we disagree with Mr. Benowich's stated reasons for refusing to produce witnesses, based on a strained construction of Fed. R. Civ. P. Rule 30 as incorporated by Fed. R. Bankr. P. Rules 7030 and 9014, for several reasons. First and foremost, Rule 30 allows a corporate director, officer, or employee to be compelled to be deposed simply by noticing the deposition where the corporate entity is a party to the action. In one case that deals with this issue, *Central States,* the district court noted that no subpoena is required for taking the deposition of a corporate party when the opposing party seeks that deposition through officers who will be deposed on the corporation's behalf. *See Central States, Southeast and Southwest Areas Pension Fund,* 1994 WL 416978, *2 (N. D. Ill.) *see also In re Jarvar*, 2009 WL 5247491, at *2 (Bankr. D. Mont. 2009) (quoting *Central States*)**.** Rule 30 does not require such a corporate representative to be served with a subpoena in order to compel a deposition. In fact, Rule 30(a)(1) generally permits a party to depose anyone without leave of court. Fed. R. Civ. P. 30(a)(1). *In re Caesars Entertainment Operating Co., Inc.*, 2018 WL 2431636, at *10 (Bankr. N.D. Ill. 2018).

Mr. Benowich suggests that Rule 45 subpoenas must be employed in order to compel the director, officers or employees of the Debtor to testify and that to invoke Rule 30, Mr. Carnicelli would have had to issue Rule 30(b)(6) notices. As to whether subpoenas were necessary, courts have consistently held that Rule 30 is "made applicable in bankruptcy proceedings pursuant to Bankruptcy Rule 7030…" *In re Analytical Sys., Inc.*, 71 B.R. 408, 412 (Bankr. N.D. Ga. 1987). As to whether Rule 30(b)(6) applies, Rule 30(b)(6) deals with depositions served on a corporation as a whole whereas Rule 30 deals with depositions served on individuals who are directors, officers, or employees of an entity that is a party to the action. The notices of deposition in this case were served on individuals, not on Debtor as a whole, therefore Rule 30(b)(6) is not applicable.

The real issue here is that counsel to the Debtor and counsel to the individuals all had notice of the depositions for nearly two and a half weeks. In fact, on July 3, 2021, counsel to the Debtor produced documents electronically after Mr. Carnicelli's counsel complained that absent such production, the "[s]ervice of the foregoing [documents] via regular mail… appears calculated… to interfere with our ability to receive and review same in connection with the deposition scheduled for next week." Thus, if Mr. Fareri, Mr. Sheskier and Ms. Fareri really believed that a subpoena was required to compel their testimony, waiting to make such an objection until 5:39 p.m. of the day before the first deposition is really bad practice. There is no excuse.

What is more likely is that Mr. Fareri refused to participate on July 7th. Mr. Fareri had just been through a Rule 341 meeting in this case and the related Gateway Kensington case. Although

Mr. Fareri signed the Petition and purportedly reviewed the schedules, he answered "I don't know" 100 times at those meetings. When asked at the Gateway Kensington Rule 341 meeting why Gateway Kensington paid for criminal attorneys for him and for Mr. Sheskier, Mr. Fareri stated that he "did not know." Equally, when asked at the Kensington Rule 341 hearing to which party tax credits belong (nearly $14 million) – tax credits he had taken from the estate for himself – his phone system magically broke for nearly ten minutes. Click.

Thus, the reality is, setting aside Rule 30, Rule 45, Rule 30(b)(6), the director, officers and employees of Debtor did not want to testify on July 7, 8, and 9, 2021, and sandbagged Mr. Carnicelli.

Without this testimony on the financial aspects of this case, Mr. Carnicelli will be disadvantaged at the hearing on the Motion to Dismiss the Chapter 7 Case. Further, we have not received adequate responses to the document requests served on June 18, 2021, for which the Court shortened the response time from thirty to sixteen days. (ECF Docket No. 45). Thus, without the testimony of these individuals and the requested document production, Mr. Carnicelli's rights will be severely prejudiced.

Because of the discovery dispute, Mr. Carnicelli is seeking an adjournment of the Motion to Dismiss previously scheduled to be argued on July 12, 2021. (ECF Docket Nos. 17 & 23). We suggest using the July 12, 2021 hearing date on Mr. Carnicelli's Motion to Dismiss to address the above-mentioned discovery dispute. We are also filing a Motion for the Appointment of a Chapter 11 Trustee in the related Gateway Kensington case. We respectfully request that the Motion to Dismiss hearing and the hearing on the Motion for Chapter 11 Trustee be scheduled for the same date. We sought consent for the reasonable adjournment, and several parties objected.

Respectfully submitted,

*/s/ Joseph M. Pastore III*
Joseph M. Pastore III

Cc: Mr. James Carnicelli
Robert L. Rattet, Esq.
Jeffrey Reich, Esq.
Leonard Benowich, Esq.
Howard Magaliff, Esq
Irve J. Goldman, Esq.
Melissa Rose McClammy, Esq.
Steven Levitt, Esq.
Trevor Gomberg, Esq.
Mark Tulis, Esq.
Carlos Cuevas, Esq.
Erica Aisner, Esq.
Timothy T. Corey, Esq.