# EXHIBIT E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| THE GATEWAY DEVELOPMENT GROUP, INC., | : | Case No. 21-22304-shl |
| Debtor | : | |

**ORDER INTERPRETING AND CONSTRUING SECTION 4.2(b)**
**OF THE COURT-APPROVED SETTLEMENT AGREEMENT**

Upon the motion dated October 30, 2026 (the "Motion") of Howard P. Magaliff (the "Trustee"), the chapter 7 trustee of the estate of The Gateway Development Group, Inc., for an order interpreting and construing section 4.2(b) of the Settlement Agreement and Mutual Release approved by this Court's order entered June 25, 2026 [ECF Doc. 159] (the "**Settlement Agreement**"); and adequate and sufficient notice of the Motion having been given; and upon the record of the hearing held on November 19, 2026; and the Court having jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, the Court's retention of jurisdiction in its order entered June 25, 2026, and section 11.2 of the Settlement Agreement; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Motion is granted as set forth herein; and it is further

**ORDERED**, that the Trustee has not unreasonably refused, within the meaning of section 4.2(b) of the Settlement Agreement, the comments of James Carnicelli, Jr. to the GDG Annual Statements circulated June 29, 2026; and it is further

**ORDERED**, that the Trustee is authorized to prepare and file GDG's tax returns and to issue Schedule K-1s in accordance with the GDG Annual Statements, as provided in sections 4.2(c) and 4.2(e) of the Settlement Agreement; and it is further

**ORDERED**, that nothing in this Order determines the federal or state tax liability of any party vis-à-vis any taxing authority, and sections 4.3 and 4.4 of the Settlement Agreement shall govern any review, audit or challenge by a taxing authority; and it is further

**ORDERED**, that the release set forth in section 4.3(f) of the Settlement Agreement extends to the Trustee's professionals, including Vinay Agarwal, CPA, LLC, with respect to the preparation and filing of GDG's tax returns and Schedules K-1 in accordance with this Order, provided that the Trustee and his professionals do not engage in any intentional wrongdoing, and filing GDG's tax returns and issuing Schedule K-1s as authorized by this Order does not constitute intentional wrongdoing; and it is further

**ORDERED**, that Mr. Carnicelli, either individually or through his professionals, is enjoined from filing a Notice of Inconsistent Treatment with the IRS; and it is further

**ORDERED**, that the Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: White Plains, New York
____________, 2026

Hon. Sean H. Lane
Chief United States Bankruptcy Judge